**Roumen Todorov GRIGOROVE,
Petitioner,**

v.

**Alberto R. GONZALES,* Attorney
General, Respondent.**

**No. 03–74401.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.**

Decided June 22, 2005.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM ***

Roumen Todorov Grigorove, a native and citizen of Bulgaria, petitions for review

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen to submit a new asylum application based on changed circumstances. Because the transitional rules apply, we have jurisdiction pursuant to former 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review the denial of a motion to reopen for abuse of discretion. *de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004). We dismiss in part and deny in part the petition for review.

Grigorove filed three prior motions and filed the instant motion more than four years after the BIA's original decision. In addition, the evidence Grigorove offered with his instant motion sought to establish the prevalence of torture in Bulgaria but did not address the BIA's original finding that Grigorove did not have a well-founded fear of persecution subsequent to the Socialist party leaving power. Accordingly, the BIA did not abuse its discretion in denying Grigorove's motion to reopen as he failed to meet the time and numerical requirements of 8 C.F.R. § 1003.2(c)(2) and did not demonstrate changed circumstances material to his asylum claim pursuant to 8 C.F.R. § 1003.2(c)(3)(ii). *See Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000) (the BIA does not abuse its discretion unless it acts arbitrarily, irrationally, or contrary to law).

We lack jurisdiction to review Grigorove's contentions that the BIA erred by failing to reopen his case to allow him to apply for withholding of deportation and relief under the Convention Against Torture, as he did not raise these contentions to the BIA in the instant motion. *See*

*Vargas v. INS*, 831 F.2d 906, 907–08 (9th Cir.1987) (holding that 8 U.S.C. § 1105a(a) mandates the exhaustion of administrative remedies).

PETITION FOR REVIEW DISMISSED in part and DENIED in part.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.